**Juan C. Chavez**, OSB #136428
Oregon Justice Resource Center
PO Box 5248
Portland, OR 97208
Telephone: 503-944-2270
Facsimile: 971-328-3982

    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ANTHONY LUNETTA<br><br>    Plaintiff,<br><br>v.<br><br>MULTNOMAH COUNTY, DAVID MAIN, AMY VETTERS, TRAVIS GAMBLE, CARL GREEN, and JOHN DOES 1-10.<br><br>    Defendants. | Case No. 3:24-cv-2093<br><br>COMPLAINT<br><br>Civil Rights Action (42 U.S.C. § 1983)<br><br>*JURY TRIAL DEMANDED* |

## INTRODUCTION

1.     This is a civil rights action brought by Plaintiff, Anthony Lunetta, pursuant to 42 U.S.C § 1983. Plaintiff alleges that defendants have subjected him to unreasonable seizures and denied him access to his attorney. Plaintiff seeks damages for actions by defendants which violate his protected constitutional rights pursuant to the Fourth and Sixth Amendments under the United States Constitution. Plaintiff seeks declaratory relief, compensatory and punitive damages, and reasonable costs and attorney's fees pursuant to 42 U.S.C. § 1988, against the individually named defendants.

COMPLAINT
Page 1 of 9

## JURISDICTION AND VENUE

2.   This court has jurisdiction over plaintiff's claims for violation of federal constitutional rights, pursuant to 28 U.S.C. §§ 1331(a) and 1343 because the cause of action arises under 42 U.S.C. § 1983.

3.   The actions alleged herein occurred in Multnomah County, Oregon. Venue is properly before this District of Oregon pursuant to 28 U.S.C. § 1391(b) where all of the events giving rise to these claims occurred in this judicial district and because defendants are subject to personal jurisdiction in the District Court of Oregon.

## PARTIES

4.   Plaintiff Anthony Lunetta is a citizen of the State of Oregon.

5.   Defendant Multnomah County is a political subdivision of the State of Oregon with the capacity to be sued for patterns and practices of unconstitutional behavior.

6.   Defendant David Main is a Parole-Probation Officer (PO) with Multnomah County's Department of Community Justice. He was personally involved in the violations alleged herein. He is sued in his individual capacity.

7.   Defendant Amy Vetters is a Parole-Probation Officer (PO) with Multnomah County's Department of Community Justice. She was personally involved in the violations alleged herein. She is sued in her individual capacity.

8.   Defendant Travis Gamble is a Parole-Probation manager with Multnomah County's Department of Community Justice. He was personally involved in the violations alleged herein. He is sued in her individual capacity.

9. Defendant Carl Green is a Parole-Probation manager with Multnomah County's Department of Community Justice. He was personally involved in the violations alleged herein. He is sued in her individual capacity.

10. All defendants have acted, and continue to act, at all times relevant under color of state law.

## FACTUAL ALLEGATIONS

11. Since September 2022, Mr. Lunetta was on post-prison supervision and probation under the supervision of the Multnomah County Department of Community Justice (DCJ) Adult Services Division and had been assigned to Defendant Main's caseload in the Gang Unit.

12. On or about January 20, 2023, Mr. Lunetta arrived at the DCJ East Campus located at 1245 SE 122nd Ave., Portland, OR 97233 for a scheduled office visit with his PO, Defendant Main.

13. Defendant Main met Mr. Lunetta in the lobby and asked Mr. Lunetta to step through metal detectors.

14. Defendant Main directed Mr. Lunetta into a hallway where Defendant Vetters was waiting.

15. Defendant Main directed Mr. Lunetta to put his hands against the wall and Defendant Main proceeded to give Mr. Lunetta a pat down.

16. Defendants Main and Vetters then led Mr. Lunetta outside to a secure SUV where Defendant Main instructed Mr. Lunetta to sit in the backseat of the vehicle.

17. Defendant Main informed Mr. Lunetta that Defendants Main and Vetters needed to verify Mr. Lunetta's address, so they demanded to take Mr. Lunetta's phone and drive Mr. Lunetta to his home in the back of the squad car.

18. Mr. Lunetta informed the Defendants that he had driven to the DCJ office and would drive in his own car back to his house and meet the Defendants there for the home visit.

19. Mr. Lunetta further explained that he did not understand why his phone was being seized when the purpose of the home visit was to verify his address.

20. Defendants Main and Vetters did not allow for Mr. Lunetta to meet them at his house in order for them to complete the verification of his address.

21. At this point in the interaction with Defendants Main and Vetters, Mr. Lunetta did not feel free to leave.

22. Mr. Lunetta then called his attorney, Grant Hartley, seeking legal advice.

23. Mr. Hartley had just missed the phone call and immediately called back.

24. As Mr. Lunetta's phone was ringing, the caller ID read "Grant Hartley," which Defendant Main knew to be Mr. Lunetta's attorney. Mr. Hartley had been Mr. Lunetta's attorney since 2018 and Defendant Main had interacted with Mr. Hartley on several occasions as part of Mr. Hartley's representation of Mr. Lunetta.

25. Defendant Main held up the phone, which was now in Defendant Main's possession, while it was still ringing and said something to the effect of, "looks like Grant is calling you back."

26. Mr. Lunetta asked Defendant Main to answer the phone and put it on speaker, telling him, "if Grant says to go in the car, I'll go in the car."

27. Defendant Main refused to let Mr. Lunetta speak to his attorney and said, "You can talk to [Mr. Hartley] from jail."

28. The conversation between Defendant Main and Mr. Lunetta continued.

29. Defendant Main then read Mr. Lunetta his *Miranda* rights and informed Mr. Lunetta that he was being arrested for refusing a home visit.

30. Mr. Lunetta told Defendant Vetters "you know this is wrong," but she did not intervene and allowed Defendant Main to obstruct Mr. Lunetta's communication with his attorney.

31. Mr. Hartley called Mr. Lunetta's phone two more times; Defendant Main still did not allow Mr. Lunetta to speak with his attorney.

32. Mr. Lunetta reiterated that he was not refusing the home visit.

33. Defendant Main transported and booked Mr. Lunetta into the Multnomah County Detention Center.

34. On January 23, 2023, Mr. Hartley called Defendant Main and explained that the conditions of Mr. Lunetta's supervision do not allow a PO to detain Mr. Lunetta or his property without, at least, a reasonable belief that Mr. Lunetta had violated the conditions of his probation/PPS.

35. Mr. Hartley asked Defendant Main to articulate what that reasonable belief was when Defendant Main seized Mr. Lunetta and his phone for the purposes of performing the home visit. Defendant Main did not have an articulable reasonable belief for those seizures.

36. Mr. Lunetta was sanctioned for allegedly refusing the home visit on January 20, 2023.

37. Mr. Hartley contacted Defendant Main's supervisors, Travis Gamble and Carl Green. Both indicated that it was "standard procedure" to place a probationer in a squad car to transport them to a home visit, but did not address whether it was "standard procedure" to seize a probationer's phone.

38. Despite the above-described violations, Mr. Lunetta continues to be on Defendant Main's caseload.

## CLAIMS FOR RELIEF

### Claim 1
### Fourth Amendment of the U.S. Constitution—Unreasonable Seizures
### 42 U.S.C. § 1983—Individual Liability

39. Plaintiff realleges paragraphs 1 through 38.

40. All individual Defendants are persons within the meaning of 42 U.S.C. § 1983.

41. The Fourth Amendment of the United States Constitution protects a person from being subjected to unreasonable searches and seizures of their person and property.

#### Count 1: Seizure of Mr. Lunetta

42. Defendants Main and Vetters violated Plaintiff's Fourth Amendment Rights under the U.S. Constitution.

43. Mr. Lunetta could not reasonably leave when Defendants escorted him to a squad car and directed him to get in the back seat.

44. Defendants Main and Vetters did not have a warrant nor probable cause to arrest Mr. Lunetta.

45. Defendant Main failed to articulate a reasonable belief that Mr. Lunetta had violated a condition of his probation/PPS when he seized Mr. Lunetta.

46. Defendants Main and Vetters unreasonably and unlawfully seized Mr. Lunetta.

47. Defendants Gamble and Green condoned Defendant Main and Vetters's behavior as they admitted to Mr. Lunetta's counsel on the phone. Their acquiescence to these constitutional violations caused Mr. Lunetta's injuries.

48. As a result of the above-described conduct, Defendants caused Mr. Lunetta to suffer loss of liberty, loss of property, unlawful sanctions, and lost wages from missed work.

///

Count 2: Seizure of Mr. Lunetta's Phone

49.  Defendant Main violated Plaintiff's Fourth Amendment Rights under the U.S. Constitution.

50.  Defendant Main did not have a warrant to search or seize Mr. Lunetta's phone.

51.  Defendant Main did not ask Mr. Lunetta for consent to search or seize the phone.

52.  Defendant Main failed to articulate a reasonable belief that Mr. Lunetta had violated a condition of his probation/PPS when he seized Mr. Lunetta's phone.

53.  Defendant Main unreasonably and unlawfully searched and seized Mr. Lunetta's phone.

54.  Defendants Gamble and Green condoned Defendant Main and Vetters's behavior as they admitted to Mr. Lunetta's counsel on the phone. Their acquiescence to these constitutional violations caused Mr. Lunetta's injuries.

55.  As a result of the above-described conduct, Defendants caused Mr. Lunetta to suffer loss of liberty, loss of property, and unlawful sanctions.

**Claim 2**
**Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution—Denial of Right to Counsel**
**42 U.S.C. § 1983—Individual Liability**

56.  Plaintiff realleges and incorporates here Paragraphs 1 to 55.

57.  Defendant Main violated Plaintiff's Fifth, Sixth, and Fourteenth Amendment Rights under the U.S. Constitution. These amendments collectively enshrine a right to counsel, and the access to this counsel.

58.  Mr. Lunetta was in custody at the time Defendant Main directed Mr. Lunetta to get in the back of the squad car.

59.  Defendant Main was subjectively aware that Mr. Lunetta wanted to speak to his attorney.

60. Defendant Main was subjectively aware that Mr. Lunetta's attorney was attempting to contact Mr. Lunetta.

61. Defendant Main denied Mr. Lunetta the opportunity to speak to his attorney when Mr. Lunetta was legally entitled to do so.

62. As a result of the above-described conduct, Defendants caused Mr. Lunetta to suffer loss of liberty, loss of property, unlawful sanctions, and lost wages from missed work.

## Claim 3
### Fourth Amendment of the U.S. Constitution—Illegal Pattern and Practice
### 42 U.S.C. § 1983—*Monell* Liability

63. Plaintiff realleges and incorporates here Paragraphs 1 to 62.

64. Defendants Main, Vetters, Gamble, and Green acted under color of state law and, as described in Claim 1, deprived Mr. Lunetta of his particular rights under the United States Constitution.

65. Defendants Main and Vetters were following a practice or custom of Defendant Multnomah County to illegally seize people on probation, as admitted by Defendants Gamble and Green. Furthering this practice, Defendant County has either failed to train its officers to not illegally seize individuals or has ratified improper training on this point. Additionally, the County has not properly disciplined probation officers on core Fourth Amendment principles like reasonable suspicion and probable cause to seize persons. These constitutional violations have not been properly investigated, nor has the violator been disciplined, reprimanded, or punished for this incident.

66. As a result of the above-described conduct, Defendants caused Mr. Lunetta to suffer loss of liberty, loss of property, unlawful sanctions, and lost wages from missed work.

///

## DAMAGES

67.     Because of the above-stated violations of Mr. Lunetta's Constitutional rights, Defendants did cause the Plaintiff injury. Accordingly, Mr. Lunetta is entitled to compensatory damages, including economic and non-economic damages, in an amount to be determined by a jury, for his suffering loss of liberty, loss of property, unlawful sanctions, and lost wages from missed work.

68.     Given the malicious nature of the Defendants' conduct, Plaintiff also seeks punitive damages against Defendant Main in an amount sufficient to deter future bad acts.

69.     Plaintiff is entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988.

## RELIEF SOUGHT

WEREFORE Plaintiff prays for judgment as follows:

a. For judgment in favor of Mr. Lunetta against Defendants for his economic, non-economic, and punitive damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other relief as this court deems just and equitable.

DATE:  December 18, 2024.

/s/ *Juan C. Chavez*
Juan C. Chavez, OSB #136428
Attorney for Plaintiff